# Commercial Ice Company, Appellant, *v.* City of Philadelphia.

*Public officers—Necessary furnishing of public office.*
The furnishing of ice is not one of the " things necessary for the proper furnishing of the offices of the register of wills and orphans' court."

Argued Dec. 15, 1897. Appeal, No. 170, Oct. T., 1897, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1897, No. 1325, in favor of defendant on case stated. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Case stated. Before ARNOLD, P. J.

1. The plaintiff, a corporation duly organized under the laws of the state of Pennsylvania, engaged in the business of selling ice, wholesale and retail, in the city of Philadelphia and vicinity, at the special instance and request of the register of wills for the county of Philadelphia, furnished ice for use in the offices of the register of wills and in the rooms of the orphans' court for said county from January 1, 1895, to June 30, 1897.

2. The said register of wills is a county officer of the county of Philadelphia, and it was and is his duty, under an act of assembly of the state of Pennsylvania, to provide all things necessary for the proper furnishing of the offices of the register of wills and the rooms of the orphans' court of said county.

3. The value of the ice so furnished by plaintiff for this purpose during this period was $573.36.

4. Said ice so furnished and services rendered by the said plaintiff were in all respects satisfactory to the said register of wills, and bills for the same were approved but were not paid by him as presented from time to time because no specific appropriation had been made for the same by the councils of the city of Philadelphia, and the general appropriation made by the said council to defray the incidental expenses of the offices of the register of wills had been exhausted.

5. It is agreed between the plaintiff and the defendant that if the court be of opinion, upon the above statement of facts,

that the plaintiff is entitled to judgment against the defendant, judgment shall be entered in its favor for $573.36, with interest thereon from June 30, 1897.

Either party reserving the right of appeal.

Judgment was entered on case stated in favor of defendant in the following opinion by ARNOLD, P. J.

Payment of this claim by judgment of court is forbidden by the Act of April 21, 1858, sec. 5, P. L. 385, which provides that no debt or contract shall be binding on the city of Philadelphia, unless authorized by law or ordinance and an appropriation sufficient to pay the same has been previously made by councils.

In this case an appropriation was made to defray incidental expenses, but it has been exhausted without paying the plaintiff. The claim is now made for the years 1895 and 1896 and half of 1897. While ice may be considered a necessity, yet we do not consider it among the " things necessary for the proper furnishing " of a public office, such as may be paid for by mandamus. It has always been paid for out of an appropriation for incidental expenses made by the city councils, who may if they see fit, ratify the plaintiff's claim and order the payment thereof. Judgment for defendant.

*Error assigned* was entering judgment in favor of the defendant and in not entering judgment in favor of plaintiff on case stated.

*Howard W. Page*, of *Page, Allinson & Penrose*, for appellant. —The Act of April 21, 1858, P. L. 385, does not apply to county officers.

The distinction between contracts made by city and county officers is recognized: Bladen v. Phila., 60 Pa. 464; Wright v. Phila., 8 W. N. C. 141; Smith v. Phila., 5 Phila. 1.

A careful examination of the case in which recovery was refused upon the ground that case fell within the provision of the act of April 21, 1858, will show that they are instances in which contracts were made by a city as distinguished from a county officer.

Even admitting that the fifth section of the act of 1858 applied, the act was not violated, as it appears from case stated

that general appropriations were made from time to time by councils to defray the incidental expenses of the office of the register of wills, and that the only reason that plaintiff's bills were not paid as presented, was that said appropriations had been otherwise exhausted. The case, therefore, would seem to be analogous to McGlue v. Phila., 10 Phila. 348, and such diversion could hardly bar his claim under the principle laid down in Parker v. Phila., 92 Pa. 401.

The case stated contains an express averment that it was the duty of the register of wills under an act of assembly, to provide all things necessary for the proper furnishing of the offices of the register of wills and the rooms of the orphans' court.

The word "proper" has been defined as synonymous with "fit, suitable, appropriate:" Century Dictionary, title "proper," par. 3.

The word "furnish" means to supply, or provide, or equip with anything necessary or useful: Webster's Dictionary.

"To furnish" means "to provide with what is proper or suitable, supply with anything; fit up or fit out, equip, as to furnish a house, a library or an expedition:" Century Dictionary, title, "furnish," par. 3.

"Furniture in general includes that with which anything is furnished or supplied to fit it for operation or use. That which fits or equips for use or action; outfit, equipment, as the furniture of a war horse, of a microscope, table furniture:" Century Dictionary, par. 3.

The phrase "furniture of ship" ex vi termini, includes everything with which a ship requires to be furnished to make her seaworthy: Winfield's Adjudged Words and Phrases, 279, citing Weaver v. Owens, 1 Wallace, Jr., U. S. C. C. 359, 369.

Provisions for the use of the crew are covered by a policy on the "ship and furniture:" Stroud's Judicial Dictionary, 316, citing Brough v. Whitmore, 4 T. R. 206; Hill v. Patton, 8 East, 373.

"The word furniture relates ordinarily to movable personal chattels, but is very general in meaning and application, and the meaning changes so as to take the color or to accord with the subject to which it is applied:" Anderson's Law Dictionary, 483, citing Fore v. Hibbard, 63 Ala. 412.

It may not be amiss to remark that the words of the case

stated are not that the register of wills is authorized to purchase office furniture but to provide " all things necessary for the proper furnishing," a phrase general in its character and equivalent to all things necessary for the proper equipment of the offices for the use intended. If ice water is a necessity, as admitted in the opinion of the court below, it is difficult to see how rooms intended for use by a great multitude of people at all times and under all conditions, could be properly equipped without it. It is just as much one of the necessary expenses of the administration of justice within the language of Judge SHARSWOOD in Bladen v. Phila., supra, as telephone service, stationery, fuel or janitor service, and the plaintiff's claim is as much entitled to the protection of the court.

*E. Spencer Miller*, with him *John L. Kinsey*, for appellee.— It may be reasonable to infer that the ice in question was purchased to cool drinking water. This is a form of refreshment which may be a grateful relief in either winter or summer. It can hardly be regarded as indispensable, however.

No authorities appear to exist upon the questions raised, where the commodity purchased was thus one of refreshment rather than necessity. The absence of authority in support of such a claim would seem to be a sufficiently strong negative assurance to equal an authority for the defense.

OPINION BY PORTER, J., January 18, 1898:

The plaintiff at the request of the register of wills for the county of Philadelphia furnished ice for use in the offices of the register of wills and in the rooms of the orphans' court for said county from January 1, 1895, to June 30, 1897, and now sues the city of Philadelphia for $573.36, the amount of the bill.

The register of wills is a county officer and under legislative enactment, is required to provide " all things necessary for the proper furnishing of the offices of the register of wills and the rooms of the orphans' court of said county," as set forth in the case stated.

We do not think it necessary here to determine whether the plaintiff, in order to a recovery against the city of Philadelphia, should be required to exhibit an ordinance and appropriation by the city councils giving authority to contract the debt.

The real question is whether the furnishing of ice is one of the " things necessary for the proper furnishing of the offices of the register of wills and the rooms of the orphans' court."

To reverse the action of the court below would require us to determine judicially that the providing of ice is necessary for such furnishing. This we are not prepared to do. We construe the language of the act to cover only those things which, if absent, would obstruct or prevent the proper conduct of the business of the offices of the register of wills and of the said courts. While the use of ice may have come to be so prevalent as to make it to many people more than a luxury, we cannot hold that it is necessary to a proper furnishing of a public office or court room.

The city of Philadelphia has in the past periodically appropriated a sum to incidental expenses, as appears by the case stated, out of which such claims as the present have been paid. The appropriation for the period during which the plaintiff's claim was accruing, was exhausted before the presentation of the claim. Such a fund may with propriety be applied in part to the maintenance of the court rooms and register's offices with a due regard to personal convenience as well as to necessity. In the present case we are compelled to construe the language of an act of assembly which is too narrow in its terms to sustain the plaintiff's contention.

The judgment of the court below is therefore affirmed.